### DEARDORFF v HORNER

Ohio Appeals, 4th Dist, Gallia Co
Decided Oct 17, 1929

Henry W. Cherrington, Gallipolis, for Deardorff.

Hollis C. Johnston and Robert M. Switzer, both of Gallipolis, for Horner.

MIDDLETON, PJ.

It is contended first by the plaintiff in error that the trial court erred in permitting counsel for the plaintiff to inquire of jurors on their voir dire in respect to their relation, if any, to any accident insurance company or to any employe of such a company or were in any way interested in any one connected with an insurance company of any kind. The inquiries submitted to the jurors in this respect were substantially the same as those involved in the case of **Pavilonis v. Valentine, 120 OS. 154, 165 NE. 730.** It is contended, however, that such inquiries were not warranted in the instant case for the reason that in the case cited it was known by or apparent to all parties involved that an insurance company was directly interested in the result of the trial, while in the instant case there is nothing in the record to indicate that anything was brought to the attention of the court or jury which afforded any ground to believe that any company of that character was involved in the case. It is a sufficient answer to this contention to say that the case cited settles for the present at least the competency of the inquiries to which objetcion is made and that it does so without any limitation or qualification as is claimed by the plaintiff in error which would distinguish the instant case from the case cited. The law of the case cited is given in the third paragraph of the syllabus.

It is the duty of this court to follow the law so pronounced unless from the record it appears that a casualty company was not directly or indirectly interested in the result of the trial. Surely in the absence of any evidence to the contrary we must assume that counsel for the plaintiff below acted in good faith and knew or had reasonable grounds to believe that a casualty insurance company was interested in this case. Until the Supreme Court announces some definite limitation or qualification to the right to make the inquiries complained of we must follow the law as found in the paragraph quoted.

Some further complaint is made to the statement of a witness voluntarily injected into his testimony which tended to

show that an insurance company was involved in the instant case, but an objection to this statement was made instantly and sustained by the court. We are unable under these circumstances to say as a matter of law that any prejudice resulted to the defendant by the voluntary statement of this witness.

The defendant requetsed several instructions be given to the jury before argument and two requests in this behalf were refused by the court. It is now strenuously urged that the court erred in refusing to give special instruction number five which is as follows:

"If the jury find that the defendant, then in the exercise of ordinary care immediately before the accident, was confronted with a sudden emergency without sufficient time in which to determine with certainty the best course to pursue she would not be held to the same accuracy of judgment as is required of her under ordinary circumstances, and she would not be liable for the injuries sustained by the plaintiff by reason of the accident which occurred provided the defendant used ordinary care in the stress of circumstances to avoid the accident."

This instruction was properly refused for the reason that it is misleading. The jury might well have understood from the language used that the court was stating to them as a fact that the defendant was in the exercise of ordinary care immediately before the accident or was describing to them a condition which existed at that time and that the only matter for them to determine was whether or not the defendant was confronted with a sudden emergency. In other words, the plaintiff in error in this case erroneously assumes that the requested instruction necessarily read as follows:

If the jury find that the defendant was in the exercise of ordinary care immediately before the accident and was then confronted with a sudden emergency, etc.

The requested instruction, however, is not necessarily entitled to the interpretation given it by the plaintiff in error and we are of the opinion that if it were given that construction the plaintiff in error was not entitled to it in this case. A further objection to this instruction is in the fact that the defendant below in her own testimony admits that she was driving her machine at about thirty miles per hour, admittedly within the corporate limits of Crown City. The overwhelming testimony of the other witnesses, however, and the statement of Mr. Caldwell as to the speed of his machine, indicates that her machine was going at a much more rapid speed than even she admits, and that Miss Deardorff was plainly violating the provisions of **12603 GC.** If the jury had found under this record that Miss Deardorff was not travelling at an excessive speed such verdict would clearly be opposed to the weight of the testimony in this case. There is nothing in the record to justify the conclusion that anything in excess of twenty five miles an hour would have been a lawful rate of speed and no circumstances that would have warranted the jury in finding against the prima facie case made by the rate of speed proven.

We have read the record in this case very carefully and regard the case as one fully establishing the claim of the plaintiff below.

Mauck and Blosser, JJ., concur.